## THE CARL, etc.

[District Court, S. D. New York.  December 7, 1883.]

SHIPPING—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

The libelant was employed with other men by the owner of cargo to assist in unloading goods between-decks.  Three hatches above and three immediately beneath were all open.  While the libelant was at work six feet forward of the fore-hatch, the deck hands above, while washing the main deck, put on the cover of the fore-hatch above, darkening the space below, where the libelant was at work.  The latter, thinking all the hatches were about to be closed, turned suddenly, and forgetting the open hatch by him, stepped into it, fell, and was injured.  There was plenty of room to go on either side of the open hatch, and the libelant was familiar with the circumstances.  *Held*, that the proximate cause of the accident was the libelant's inattention and negligence, and the libel was dismissed without considering the question of the liability of the ship or her owners for the acts of the deck hands.

Action for Personal Injuries.

*M. J. Costello*, for libelant.

*Beebe, Wilcox & Hobbs*, for claimant.

BROWN, J.  The libelant, on Saturday, the twenty-eighth of May, 1881, fell through the fore-hatch of the lower deck of the ship Carl, by which he sustained severe injuries.  He was one of about a dozen men who had been employed by the consignee of a large quantity of bottles, which had been stowed between-decks, to take them from the straw in which they were packed and put them in crates to be hoisted through the main hatch.  The libelant had been engaged in this work during all the week preceding.  There were three hatches in the main deck, and three immediately beneath them of the same size in the lower deck.  The hatches in the lower deck were left constantly open, as is usual with vessels unloading.  The hatches on the upper deck were usually closed at night, but not until after the workmen had left.  The bottles were chiefly in the vicinity of the main hatch, and there was no other cargo at this time between-decks.  Preparatory to putting the bottles in crates, they were taken out of the straw and placed along the side of the ship towards the fore-hatch, going up to within about five feet of it, and occupying a space of about five feet in depth next to the sides of the ship.  On Saturday, and previously, the libelant had frequently gone forward of the fore-hatch to pile crates, and there was plenty of space left for passing along either side of the fore-hatch.  While engaged in piling up some crates, and standing about six feet immediately forward of the fore-hatch, some of the seaman, who were then engaged in washing the main deck, at about 5:30 o'clock P. M. put on the cover of the fore hatch of the main deck, suddenly darkening the space immediately below, where the libelant was at work.  The latter erroneously supposing that the deck hands were about to cover all the hatches, and fearing that he might be left below, turned suddenly, and forgetting

the open hatch right by him, in the comparative darkness, stepped into it and fell into the hold some 15 feet below.

Unfortunate as the accident was, its immediate and proximate cause seems to me to be clearly the forgetfulness and inattention—that is to say, the negligence—of the libelant himself. He knew perfectly that the hatch by him was open; and even had the darkness been complete, which could not have been the case, as the main hatch, about 50 feet distant, was wide open, there could have been no difficulty in his reaching the main hatch without danger by going along the side of the ship in the way with which he was perfectly familiar. The hatches between-decks were, as is usual, rightly left open and unguarded. *The Germania*, 9 Ben. 356; *Dwyer* v. *Nat. S. S. Co.* 4 Fed. Rep. 493. The workmen employed about them were bound to give heed to them and exercise reasonable care for their own safety. Nothwithstanding the improper, and probably merely accidental, covering of the fore-hatch above, this injury could not have happened except through the absence of reasonable attention and care in respect to the open hatch below, with which the libelant was so familiar. This negligence was therefore not merely contributory, but it was the immediate and proximate cause of the accident; the covering of the hatch above was but the preliminary and indirect cause, not necessarily or naturally producing the subsequent fall of the libelant. In this respect, therefore, the case differs wholly from the case of *The Kate Cann*, 2 Fed. Rep. 241, and 8 Fed. Rep. 719, which has been cited; and it equally differs from *The Helios*, 12 Fed. Rep. 732. The cases of *Driscoll* v. *The Mayor*, 11 Hun, 101, and *Plank* v. *N. Y. Cent. & H. R. R. Co.* 60 N. Y. 607, referred to by counsel for the libelant, held only that the question of negligence should have been submitted to the jury.

Without considering, therefore, whether the act of the deck hands while washing the deck in putting the cover on the fore-hatch above was an act for which the ship or her owners would be responsible, as regards any consequences to the libelant at work below, (*The Germania, supra; The Rheola*, 7 Fed. Rep. 781,) I feel constrained to dismiss the libel upon the grounds above stated.