## THE ESPERANZA.

(District Court, S. D. New York. November 30, 1904.)

1. SHIPPING—INJURIES TO SERVANT—ASSUMPTION OF RISK.

Plaintiff, a kitchen boy on a steamship, was ordered to obtain kindling wood, and, contrary to orders, was directed by the ship's carpenter to get the same from "below." Plaintiff unsuccessfully endeavored to obtain a lantern, and then went through one of the hatches, which was only slightly open, and required further opening, to the between-decks, whence he fell through an open hatch to the bottom of the ship while groping for wood in the dark. *Held*, that plaintiff, in opening the hatch wider and going below, assumed the risk, and was not entitled to recover for his injuries.

2. SAME—FELLOW SERVANTS.

A kitchen boy on a steamship was a fellow servant of the ship's carpenter, and was therefore not entitled to recover for injuries sustained by the latter's negligence.

In Admiralty.

Clark H. Abbott and Bartholomew B. Coyne, for libellant.

Nadal & Carrere, for claimant.

ADAMS, District Judge. This action was brought by Abraham Lieberman, through his guardian ad litem, to recover for personal injuries suffered on the steamship Esperanza on the 21st day of June, 1903, while she was lying in the port of Vera Cruz, Mexico, by falling through an open hatch in the between decks of said vessel.

It appears that the libellant, then about 16 years of age, was employed in New York as a kitchen boy, or assistant to the cooks, and shipped on or about the 9th day of June, 1903, to make a voyage from New York to Havana, Progresso, Vera Cruz and return. The boy represented himself as Charles Smith for the purpose of concealing his identity as a former employee of the New York and Cuba Mail Steamship Company, the claimant here, which he feared would prevent his securing employment, owing to the alleged practice of that company not to re-engage former employees. He had little experience on board of vessels, not having previously spent more than a month at sea. When he went aboard the Esperanza he was assigned to work with one of the cooks and regularly performed his duties, one of which was to secure kindling wood for the kitchen fire.

¶ 1. Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.

¶ 2. Who are fellow servants, see notes to Northern Pac. Co. v. Smith, 8 C. C. A. 668; Canadian Pac. Ry. Co. v. Johnston, 9 C. C. A. 596; Flippin v. Kimball, 31 C. C. A. 286.

The libellant's story is that on Sunday, the 21st day of June, he was directed by the cook to secure necessary kindling wood for the kitchen and endeavored to pick it up about the main deck, when he was ordered by the carpenter of the ship to desist and told he should get the wood from below but not to let the officers of the ship see him go there. That accordingly, between 9 and 10 o'clock, after having tried unsuccessfully to get a lantern from some of the crew, he went through No. 2 hatch, which was slightly open but required opening further to permit him to reach the ladder leading below and he pushed back one of the sections of the hatch cover and climbed down to the between decks. There he groped around in the dark on his hands and knees for wood and after having collected a quantity was looking, or feeling, for more, when he fell through a hatch to the bottom of the ship, receiving severe injuries, including a wound to the spine, which have probably crippled him for life.

The testimony establishes that the hatch the libellant fell through was a blind hatch, about 10 feet square, some 40 feet aft of the hatch he went down through. The vessel was pursuing a usual method in keeping the hatches open below the main deck while in port (see The Carl [D. C.] 18 Fed. 655; The Saratoga, 94 Fed. 221, 36 C. C. A. 208) and it is shown that it was contrary to the orders of those in authority on the ship for any of the crew to go below when the main deck hatches were closed without special permission from the master or first officer. The hatch had been actually closed during the night and covered with tarpaulin. How it got partially open in the morning, as the boy contends it was, does not appear. The carpenter denies that he opened it and says that he warned the boy about going below. Whatever the truth may be in this respect, I think there can be no doubt that the libellant assumed the risk of opening the hatch wider and of going below. If there was negligence on the carpenter's part it would be the act of a fellow servant, which would preclude recovery of damages. Even under such circumstances the libellant would probably be entitled to surgical attention and care at the expense of the ship but it does not appear that he needs such attention from the ship as he was almost immediately sent to a hospital in Vera Cruz and upon being subsequently brought to New York was admitted to the Marine Hospital on Staten Island and is receiving proper attention there, without expense to him.

The libellant's theory is that it was careless and negligent upon the ship's part to have the unguarded hatches open below and in the absence of special warning as to their dangerous condition, the libellant, being ignorant of their condition, is entitled to recover. His injuries are such that he is a subject of compassion but the authorities are clearly against a recovery of damages under the circumstances disclosed by the evidence. The City of Alexandria (D. C.) 17 Fed. 390; The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760.

The libellant's advocate lays stress upon the fact of the libellant being a minor, and refers to sections 4504 and 4508 of the United

States Revised Statutes which provide for the shipment of seamen by commissioners appointed for that purpose or by the masters of vessels in certain cases. It is further provided that apprentices may be bound to sea service by shipping commissioners, under certain restrictions. U. S. Comp. St. 1901, pp. 3063–3067.

These provisions, however, do not seem to have any bearing upon this case. It appears that the boy here was practically emancipated from the control of his parents. He had been taking care of himself for a number of years and using his earnings for his own support. Moreover, a boy of his age and general experience can not be relieved from all responsibility for his own acts by the statutory imposition of duties upon shipping commissioners, nor can a vessel in this way be held liable for the results of a trespass, even by a minor, which could not reasonably be anticipated.

The libel must be dismissed, but without costs.